**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**BANK OF AMERICA, N.A.**                                                                                       **PLAINTIFF**

**VS.**                                                   **4:08-CV-00223-WRW**

**BENJAMIN EAGLE,** *et al.*                                                                              **DEFENDANTS**

**ORDER**

Benjamin Eagle filed a "Notice of Removal" from a state court case involving a Commissioner's sale that occurred on March 6, 2008.

1.  Mr. Eagle is not a licensed attorney, but he is bringing claims on behalf of himself, Olandis Moor, and McCarthy Centennial Consultants. It is well-settled that only a licensed attorney may represent another party in court.[1] When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity.[2]

2.  Mr. Eagle is contesting the validity of state court proceedings involving a Commissioner's sale. Under *Rooker-Feldman*, federal courts, other than the United States Supreme Court, do not have subject matter jurisdiction to hear challenges to state court judgments.[3] If a "federal claim succeeds only to the extent that the state court wrongly decided

---

[1] See *Joshua Bldg. Trust v. Clementi*, 78 F.3d 588 (8th Cir. 1996) (A non-lawyer trustee may not represent a trust *pro se* in federal court.); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347 (8th Cir. 1994) (Non-lawyer purported trustees could not represent trust in court of United States.); *Abel v. Kowalski*, 913 S.W.2d 788 (Ark. 1996) (Appellant, who appeared *pro se*, but tendered a motion on behalf of other appellants, is not a licensed attorney, may not practice law in Arkansas, and may not represent other appellants.).

[2] *McKibben v. Mullis*, 90 S.W.3d 442, 450 (Ark. App. 2002).

[3] *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000).

the issue before it," the claim may not be heard by the federal court.[4] The *Rooker-Feldman* Doctrine is jurisdictional and "may be raised sua sponte."[5] Since Plaintiff's "Notice of Removal" is an attempt to undo a state court judgment, the *Rooker-Feldman* Doctrine applies.

## CONCLUSION

Based on the findings of fact and conclusions of law above, this CASE is DISMISSED. All pending motions (Doc. Nos. 1, 4) are DENIED as MOOT.

IT IS SO ORDERED this 25th day of March, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[4] *Id.*

[5] *Id.*